IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

PATRICK CODY,

        Plaintiff

v.   CASE NO. 05-10290-PBS

SPRINGFIELD TERMINAL RAILWAY
COMPANY and
BOSTON & MAIN CORPORATION,

        Defendants

### PROPOSED JOINT SCHEDULING PLAN

1.   Statement of the Case

This case involves a personal injury claim brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq.

As a result of his job duties, Plaintiff was exposed to the occupational risk factors for repetitive stress injury to his hands and wrists. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff suffered occupational carpal tunnel syndrome.

Defendant failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to provide an adequate and timely ergonomics program, adequate equipment and/or manpower to perform his duties.

The Defendant denies Plaintiff's claims and further denies that its' alleged negligence was the proximate cause of Plaintiff's injuries.

2.   Joint Discovery Plan

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

    (a)   All additional parties shall be joined by June 30, 2005.

  (b)  Amendment of pleadings shall be completed by June 30, 2005.

  (c)  Parties will exchange initial disclosures by August 8, 2005.

  (d)  All fact discovery should be completed by January 2, 2006.

  (e)  All experts who may be witnesses for the Plaintiff shall be designated no later than November 14, 2005.

  (f)  All experts who may be witnesses for the Defendant shall be designated no later than December 14, 2005.

  (g)  All expert discovery shall be completed by February 13, 2006.

  (h)  All motions for Summary Judgment to be filed by March 15, 2006.

Thomas J. Joyce, III, Hannon & Joyce, counsel for Plaintiff, Patrick Cody, and James Walsh, counsel for Defendants, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and ergonomic history regarding occupational carpal tunnel syndrome injuries.

The parties and their respective counsel have conferred regarding settlement.

<u>Dated: May 17, 2005</u>

Respectfully Submitted,

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| /s/ Thomas J. Joyce, III, Esquire | /s/ James J. Walsh, Esquire |
| Thomas J. Joyce, III, Esquire | James J. Walsh, Esquire |
| HANNON & JOYCE | HERLIHY, THURSBY & HERLIHY |
| Public Ledger Building, Suite 1000 | 133 Federal Street |
| 150 S. Independence Mall West | Boston, MA   02110 |
| Philadelphia, PA   19106 | |

/s/ Michael J. McDevitt, Esquire
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

PATRICK CODY,

        Plaintiff

vs.                               CASE NO. 05-10290-PBS

SPRINGFIELD TERMINAL RAILWAY
COMPANY and
BOSTON & MAIN CORPORATION,

        Defendants

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and James J. Walsh, representing the Defendants, met on May 13, 2005 pursuant to Rule 26(f) to discuss:

(1)    the nature and basis of their claims and defenses;

(2)    the possibility for a prompt settlement or resolution of this case;

(3)    to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)    to develop a discovery plan.

To that end, the parties propose the following:

A.    The issues in this case may be simplified by taking the following steps:

      1.    The parties will exchange written Interrogatories and Request for production of Documents;

      2.    Defendant will take Plaintiff's discovery deposition;

      3.    Plaintiff will be made available for defense medical examination;

      4.    Plaintiff will take the discovery deposition of Defendant's Safety Director, Medical Director and Ergonomist; and

      5.    The parties will conduct an ergonomic site inspection.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

    1. None

C. Discovery will be needed on the following subjects:

    1. Plaintiff's work history;

    2. Plaintiff's medical history;

    3. Plaintiff's exposure to ergonomic risk factors for occupational carpal tunnel syndrome injuries;

    4. Defendant's ergonomic program to prevent occupational carpal tunnel syndrome injuries; and

    5. Causation

D. Discovery should be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.   YES_____   NO ___X_____

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and concluded: Mediation may be helpful.

H. The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $75,000.00, and the Defendant has offered $0.

Dated: May 17, 2005

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| /s/ Thomas J. Joyce, III, Esquire | /s/ James J. Walsh, Esquire |
| Thomas J. Joyce, III, Esquire | James J. Walsh, Esquire |
| HANNON & JOYCE | HERLIHY, THURSBY & HERLIHY |
| Public Ledger Building, Suite 1000 | 133 Federal Street |
| 150 S. Independence Mall West | Boston, MA   02110 |
| Philadelphia, PA   19106 | |

Michael J. McDevitt, Esquire
Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff